UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | | |
|---|---|---|
| PERRY AVRAM MARCH, # 405328, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  3:17-CV-189-JRG-HBG |
| | ) | |
| ARAMARK CORPORATION; | ) | |
| ARAMARK CORRECTIONAL | ) | |
| SERVICES, LLC;  TENNESSEE | ) | |
| DEPARTMENT OF CORRECTION; | ) | |
| JASON WOODALL; JANE AMONETT; | ) | |
| TONY BELL; JEFFREY PEMPEIT; ERIC | ) | |
| FLOSS; MARK ADAMS; LAWRENCE | ) | |
| BABBIO, JR.; TODD ABBRECHT; | ) | |
| SANJEEV MEHRA; DANIEL | ) | |
| HEINREICH; LEONARD COLEMAN, | ) | |
| JR.; STEPHEN SADOVE; IRENE | ) | |
| ESTEVES, PIERRE-OLIVIER BECKERS- | ) | |
| VIAJANT; LISA BISACCIA; JOHN | ) | |
| QUELCH; RIGHARD DREILING; CHS | ) | |
| INC.; and UNNAMED PERSONS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**


Plaintiff Perry Avram March, a state prisoner, brings this pro se civil rights action

for damages and injunctive relief under 42 U.S.C. §§ 1981, 1983, 1985 and 1986; the Religious

Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc; Title VI, 42

U.S.C. § 2000d; 18 U.S.C. § 1962; 31 U.S.C. § 3729, and various state laws [Doc. 1 pp.1-2].

The Middle District, where the case was filed, assessed Plaintiff the $350.00 civil filing fee and

then transferred the case to this Court, based on venue considerations [Doc. 13]. Typically, the

next step the Court would take would be to undertake a thorough review of the complaint to

determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. However, for the reasons that follow, the screening process cannot be performed at this time.

The complaint is meandering and difficult to follow. It is overly lengthy, consisting of 231 pages, including exhibits, contains 335 numbered paragraphs, and is rife with so much irrelevant information that the Court is unable to determine the precise nature of Plaintiff's claims. For example, the first subheading in the complaint reads, "INTRODUCTION TO THE CASE: THE G-D OF ABRAHAM AT WAR WITH THE GOD MAMMON" [*Id*. p.2 (footnote omitted)]. Plaintiff describes his case as "reek[ing] of two of the most nefarious and shameful themes which infest human history: (1) Greed triumphing over the humane treatment of prisoners, and (2) the systemic oppression of Jews (otherwise commonly referred to as anti-Semitism)" [*Id.*].

In one claim, Plaintiff asserts that Defendants "are co-actors and co-conspirators in numerous acts of misconduct, some criminal in nature, violations of both Federal and State the [sic] law, whose activities are based in substantial part on overt anti-Semetic, racial hatred, and self-enrichment" and charges that Defendants "have placed the god Mammon over the [sic] G-d of Abraham and the laws of the United States of America and the State of Tennessee" [*Id.* p. 6]. Plaintiff maintains that he is "a sincere, religiously observant Jew," who is served prison fare that violates his civil, human, religious and other rights [*Id.*]. In asserting each set of claims under the pertinent federal or state laws, Plaintiff purports to "incorporate by reference, as if set forth verbatim herein, all of the allegations and averments contained in paragraphs 1 through 237 of

2

the Complaint" [*Id.* ¶¶ 237, 242, 249, 256, 262, 267, 272, 276, 284, 289, 299, 303, 310, 318, and 331].[1]

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). One purpose of this rule is to enable a defendant to reasonably respond to the complaint. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coord. Unit*, 507 U.S. 163, 168 (1993) (explaining that the requirement of a clear and plain statement is to "give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

This Court is well aware that Plaintiff is proceeding pro se. Nevertheless, he must comply with the federal procedural rules. Plaintiff has drafted his complaint in disregard of the principle that each claim for relief should be separate, should be pled with clarity and precision, should concisely set forth the supporting facts, and should specify the defendant(s) who were involved in the purported wrongdoing, so that it is possible to determine what a plaintiff is claiming. *See* Fed. R. Civ. P. 8(e) and 10(b); *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997); *Anderson v. Dist. Bd. Of Tr. of Cent. Fla. Cmty. Coll.*, 77 F. 3d 364, 366-367 (11th Cir. 1996).

Indisputably, the type of pleading Plaintiff has submitted does not comply with Rule 8. *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988) (finding that a complaint composed of "15 single-spaced pages," containing "a surfeit of detail;" as well as "explicit descriptions of 20–odd defendants, their official positions, and their roles in the alleged denials of [the plaintiff's] rights"

---

[1] The language in the incorporation paragraph in Plaintiff's claim for "Violations of the Tennessee Constitution" varies from that in the cited paragraphs by incorporating, by reference, "all of the prior allegations and averments contained in the preceding paragraphs of this Complaint" [*Id.* ¶ 328]. As framed, this claim consists of allegations and averments contained in paragraphs one through three hundred and twenty seven, ninety-one paragraphs more than any other claim.

did not comply with Rule 8(a)). A complaint like Plaintiff's is unacceptable and places "an intolerable toll on the [C]ourt's docket, leads to unnecessary . . . discovery, and impose[s] unwarranted expense on the litigants, the [C]ourt, and the [C]ourt's . . . personnel and resources." *Cramer*, 117 F.3d at 1263.

Therefore, Plaintiff must amend his complaint to comply with Rule 8. Plaintiff is advised that Local Rule 15.1 requires any amended pleading to be complete in and of itself and prohibits the incorporation of any prior pleading by reference. E.D. Tenn. L. R. 15.1. Thus, the amended complaint will supplant the complaint, and the Court will not consider any allegations in the replaced complaint. The Court also directs Plaintiff's attention to Local Rule 7.1(b), which provides that briefs "shall not exceed 25 pages in length." E.D. Tenn. L. R. 7.1(b).

Unless within thirty (30) days of the date on this Order, Plaintiff submits to this Court a complaint that corrects the deficiencies in his pleading, as specified in this Order, his case will be dismissed for failure to comply with the orders of the court. *See* Fed. R. Civ. P. 41(b).

Finally, unless and until Plaintiff complies with this order and cures the defects in his complaint, the Court cannot act on his pending motions for a preliminary injunction, a temporary restraining order, and to unseal qui tam action [Docs. 7, 8, 12].

**SO ORDERED**.

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4