# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| PERRY AVRAM MARCH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:17-CV-189-DCLC-HBG |
| ARAMARK CORPORATION, ARAMARK CORRECTION SERVICES, LLC, JANE AMONETT, TONY BELL, JEFFREY PEMPEIT, and UNNAMED PERSONS, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This is a pro se prisoner's action for violation of civil rights filed pursuant to 42 U.S.C. § 1983 in which Plaintiff alleges that Defendants violated his constitutional rights through the food and beverages that they provided him pursuant to the kosher diet meal plan [Doc. 18]. On March 28, 2018, the Court entered an order screening Plaintiff's amended complaint that allowed Plaintiff's claims for third-party breach of contract and for violation of the First Amendment, Equal Protection Clause, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the preservation of religious freedom act, and the Tennessee Human Civil Rights Act to proceed against the remaining Defendants [Doc. 24].

Now before the Court are Defendants' motions to dismiss the complaint for failure to state a claim upon which relief may be granted [Docs. 31 and 41]. Plaintiff did not respond to these motions, and the time for doing so has passed. E.D. Tenn. LR 7.1(a)(2). As such, Plaintiff has waived any opposition thereto. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*

577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. For the reasons set forth below, however, Defendants' motions to dismiss [Docs. 31 and 41] will be **DENIED without prejudice**.

I. STANDARD OF REVIEW

Rule 12(b)(6) allows a court to eliminate a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "In order to survive a 12(b)(6) motion, the plaintiff's complaint must allege facts which, if proved, would entitle plaintiff to relief." *Southeast Texas Inns, Inc. v. Prime Hosp. Corp.*, 462 F.3d 666, 671 (6th Cir. 2006). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). Courts liberally construe pro se pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

II. ANALYSIS

Defendants first seek dismissal of this action due to Plaintiff's failure to plead or demonstrate exhaustion of his administrative remedies for his claims in his complaint. However, "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Thus, Defendants have the burden to show that Plaintiff failed to properly exhaust his administrative remedies. *Id.* As they have not done so, Defendants are not entitled to dismissal on this ground at this time.

However, it appears from the amended complaint and Defendants' motions to dismiss that Defendants may be able to establish that Plaintiff did not properly exhaust his administrative

remedies prior to filing this action as he was required to do. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

Thus, while Defendants also seek dismissal of many, but not all, of the other claims proceeding herein in their motions to dismiss, the Court will not address the merits of those arguments at this time. Rather, the Court will deny the motions to dismiss [Docs. 31 and 41] in their entirety for interests of judicial efficiency. However, should Defendants choose to file a properly supported motion asserting that Plaintiff failed to exhaust his administrative remedies, they are **DIRECTED** to file it under Rule 56 of the Federal Rules of Civil Procedure.

### III.    CONCLUSION

Accordingly, for the reasons set forth above, Defendants' motions to dismiss [Docs. 31 and 41] are **DENIED**. Also, Plaintiff is **ORDERED** to immediately inform the Court and Defendant of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**E N T E R :**

                                              s/Clifton L. Corker
                                              United States District Judge