UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PERRY AVRAM MARCH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   3:17-CV-189-DCLC-HBG |
| ARAMARK CORPORATION, ARAMARK CORRECTION SERVICES, LLC, JANE AMONETT, TONY BELL, JEFFREY PEMPEIT, and UNNAMED PERSONS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This is a pro se prisoner's action for violation of civil rights filed pursuant to 42 U.S.C. § 1983 in which Plaintiff alleges that Defendants violated his constitutional rights with regard to his kosher diet [Doc. 18]. On March 28, 2018, the Court entered an order screening Plaintiff's amended complaint and allowing some of Plaintiff's claims to proceed against the remaining Defendants [Doc. 24].

Defendants subsequently filed motions to dismiss the complaint in which they asserted that Plaintiff had failed to establish in his complaint that he had exhausted his administrative remedies and that many of Plaintiff's claims proceeding in this action failed to state a claim upon which relief may be granted [Docs. 31 and 41]. Plaintiff did not respond to these motions. Regardless, for purposes of judicial efficiency, the Court denied these motions without prejudice as it appeared likely that this action was subject to dismissal due to Plaintiff's failure to exhaust his administrative remedies for his claims, but Plaintiff did not have the burden to establish such exhaustion in his

1

complaint, and noted that, if Defendants wished to pursue such an argument, they should raise it by filing a motion under Rule 56 of the Federal Rules of Civil Procedure [Doc. 46 p. 2–3].

Defendant Amonett subsequently filed a motion to extend her deadline for filing a responsive pleading, as well as the deadlines for discovery and dispositive motions in the scheduling order, and this motion is still pending [Doc. 47]. Defendant Amonett also subsequently filed an answer to the complaint [Doc. 48]. However, no other Defendant has filed anything since the Court entered its order denying the motions to dismiss on February 19, 2020, and Plaintiff has not sought entry of default as to these Defendants or otherwise communicated with the Court.

Moreover, the Court's applicable scheduling order provides that Plaintiff had up to and including May 7, 2020, to file his pretrial narrative statement, and that failure to do so will result in dismissal of this matter pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [Doc. 45 p. 1–3]. No party has sought extension of this deadline and while this deadline passed more than two weeks ago, Plaintiff has not filed his pretrial narrative statement or otherwise communicated with the Court. In fact, Plaintiff has not filed anything in this action since he filed a response to a show cause order [Doc. 24] on January 24, 2019, approximately sixteen months ago.

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

2

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to timely file his pretrial narrative statement was due to Plaintiff's willfulness or fault. As set forth above, the Court's scheduling order specifically instructed Plaintiff to file his pretrial narrative statement by May 7, 2020 and warned him that dismissal would result if he failed to do so [Doc. 24 p. 2–3].

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's previous order may have prejudiced Defendants. As set forth above, Defendant Amonett has filed an answer to the amended complaint, and as the trial date in this matter is set for September 8, 2020 [Doc. 24 p. 1], obtaining Plaintiff's pretrial narrative statement would assist at least this Defendant in preparing for this rapidly approaching trial date. However, as the other remaining Defendants have not filed anything in this case since the Court denied their motion to dismiss the complaint more than three months ago, this factor weighs only slightly in favor of dismissal.

As to the third factor, again, as set forth above, the Court specifically warned Plaintiff in its scheduling order that failure to timely file his pretrial narrative statement would result in dismissal of this action pursuant to Rule 41(b) [Doc. 24 p. 3].

Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted. Plaintiff is a prisoner proceeding *in forma pauperis* herein, the record establishes that Plaintiff has not pursued this matter in nearly sixteen months, and Plaintiff has failed to comply with the Court's clear instructions regarding filing a pretrial narrative statement despite the Court's warning that failure to do so would result in dismissal of this matter. This conclusion is bolstered by the fact that Plaintiff failed to file any response to Defendants' motions to dismiss and has failed to seek any relief from the Court based on the fact that so many Defendants have failed file an answer or

3

other responsive pleading to Plaintiff's amended complaint despite the Court denying their motion to dismiss more than three months ago.

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b), *see Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991) (noting that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"), and Defendant Amonett's pending motion for extension of deadlines [Doc. 47] will be **DENIED as moot**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R:**

                                            s/Clifton L. Corker
                                            United States District Judge